IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-135-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES LOYAL LIKEN, | ) | |
| | ) | |
| Defendant | ) | |

Pending before the court are Defendant's motion to seal [DE-46] and amended motion to seal [DE-49]. Each of these motions seeks an order from the court sealing certain paragraphs contained in a response brief filed by Defendant's counsel in response to Defendant's *pro se* motion to appoint new counsel. In support of the motions to seal, Defendant argues that paragraphs 2-6 and 8-12 of the response brief refer to matters involving the attorney-client relationship, the disclosure of which contravene the North Carolina Rules of Professional Conduct. For the following reasons, the motions are allowed in part and denied in part.

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The fact that the documents sought to be sealed may be the subject to a protective order by the court, for example, does not relieve the parties or the court from the obligation to comply with the Fourth Circuit's sealing regimen. *See Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 679-80 (E.D.N.C. 2003); *see also Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, No. 1:05CV955, 2011 WL 2413404, at *5 (M.D.N.C. June 10, 2011) (unpublished) (citations omitted).

"[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Stone*, 855 F.2d at 180 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). Here, the document Defendant seeks to seal relates to his motion to appoint new counsel, rather than to motions seeking dispositive relief, and therefore the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06CV00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) (unpublished) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). This presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford*, 846 F.2d at 253). Some factors for consideration when analyzing the common law presumption of access "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Here, the document in question contains references to communications

2

between attorney and client, which are not generally available to the public. Based on this showing, the court determines that the common law presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge the request. *In re Knight*, 743 F.2d at 235 (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474-76 (6th Cir. 1983)). Here, Defendant's motions to seal were filed April 8, 2016 and April 14, 2016. No opposition to the motion has been filed by the government or any non-party, despite a reasonable time in which to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal a document, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* (citation omitted). Here, a far less drastic alternative to sealing is available. Where the court is being requested to remove only a portion of a single document from the public view, redaction of the identified segments would achieve the same ends requested by Defendant, and such resolution seems more practicable under the circumstances. Accordingly, Defendant's motions to seal paragraphs 2-6 and 8-12 of the *Response to Defendant's Motion to Appoint New Counsel* [DE-45] are ALLOWED IN PART DENIED IN PART. Counsel for Defendant shall filed a redacted copy of the *Response to Defendant's Motion to Appoint New Counsel* no later than **May 13, 2016**. The Clerk's Office is directed to maintain the proposed sealed document [DE-45] under seal.

So ordered, the 6th day of May 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

3

Case 5:15-cr-00135-FL   Document 50   Filed 05/06/16   Page 3 of 3