IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-135-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMES LOYAL LIKEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 87, 90). The motions were briefed fully, and in this posture, the issues raised are ripe for ruling.

## BACKGROUND

On April 29, 2015, defendant was indicted for armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and (e) (count one and four); using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (counts two); and Hobbs Act Robbery, in violation on 18 U.S.C. § 1951 (count three). On May 11, 2016, defendant pleaded guilty, pursuant to a written plea agreement, to counts one, three, and four. On October 6, 2016, the court sentenced defendant to 147 months' imprisonment on counts one, three, and four with the terms to be served concurrently. The court dismissed count two pursuant to the plea agreement.

Defendant, proceeding pro se, filed the first motion for compassionate release on June 29, 2020. On July 31, 2020, defendant, through counsel, filed the second motion for compassionate release. In support of defendant's motions for compassionate release, defendant relies upon his medical records and records from the Federal Bureau of Prisons ("FBOP"). In both motions, he raises concerns about his risk of contracting the communicable disease known as COVID-19 and

alleges he suffers from hypertension, cardiac arrhythmia, and significant back and neck problems coupled with chronic pain. He contends that these conditions place him at higher risk of developing complications from COVID-19. Defendant also alleges the correctional institution where he is housed is not addressing the pandemic adequately, and he must take care of his parents who are elderly and ill, as well as his two children.

The government responded on August 14, 2020, and defendant replied on August 25, 2020.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239.[1]

The court may reduce defendant's term of imprisonment if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[2] The Sentencing Commission promulgated U.S.S.G. § 1B1.13 as the policy statement applicable to compassionate release

---

[1] The government does not contest that defendant exhausted administrative remedies.

[2] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

motions filed by the FBOP. Section 1B1.13 is substantially similar to § 3582(c)(1)(A), but adds that before granting compassionate release the court must determine "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13(1)(B)(2).

Application note one to U.S.S.G. § 1B1.13 provides the Sentencing Commission's views on when extraordinary and compelling reasons justify compassionate release:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

(D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, app. n.1.

Because the current version of U.S.S.G. § 1B1.13 applies to motions filed by the FBOP and has not been updated since the First Step Act's amendments to § 3582(c)(1)(A), some district courts have determined that the foregoing policy statement is not a binding "applicable policy statement" when the defendant moves for compassionate release. See, e.g., United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). Assuming without deciding that the current policy statement is non-binding, the provision provides important guidance to district courts when evaluating compassionate release motions, particularly where the majority of the application note's definition of extraordinary and compelling reasons applies regardless of whether the FBOP or defendant files the motion. See id. The court, however, arguably has authority to grant compassionate release if it finds extraordinary and compelling circumstances justify reducing defendant's sentence even if such circumstances are not specifically delineated in U.S.S.G. § 1B1.13. See id.

The government does not dispute that defendant has exhausted his administrative remedies. However, assuming without deciding that defendant's health conditions and risk of contracting COVID-19 satisfy the extraordinary and compelling test, defendant has not established that the 18 U.S.C. § 3553(a) factors support early release approximately five years before his scheduled release date.

As addressed above, at sentencing, the court found defendant responsible for armed robbery of two banks and a gas station. (Presentence Investigation Report ("PSR") (DE 60) ¶¶ 7-

9). Defendant engaged in violent conduct during each of the robberies. During the first bank robbery, defendant grabbed a teller and pointed a semi-automatic pistol at her side. (Id. ¶ 7). He demanded a second and third teller place large bills into a bag, and he threatened that if a dye pack was placed into the bag, he would kill the first teller. (Id.). Defendant fled with $25,610.00. (Id.). During the second bank robbery, defendant entered the bank and started waving a gun at tellers. (Id. ¶ 9). He demanded the tellers to put all money into a bag and fled with $10,825.00. (Id.). During the robbery of the gas station, defendant confronted an employee outside of the gas station and ordered the employee at gunpoint to enter the gas station. (Id. at ¶ 8). Defendant demanded money from the cash register and was given approximately $130.00 before he fled. (Id.). Moreover, defendant has a conviction for fleeing to elude arrest and two for possession of a firearm by a felon. (Id. ¶¶ 18, 21, 22). His criminal history is a category IV. (Id. ¶ 28).

Defendant argues the need to care for his children and his elderly parents as well as the risk of infection with COVID-19, justify reducing defendant's sentence. Defendant also notes that the actions taken by the Bureau of Prisons fail to adequately address the pandemic and the danger it presents to inmates. While the court acknowledges defendant's wish to care for his family and his risk of reinfection with COVID-19, they do not justify a reduced sentence in light of the violent nature of defendant's conduct regarding the convictions for which he is serving the instant sentence and his criminal history. Having reviewed and considered fully defendant's motions and supporting exhibits, and the full record of this case, the court finds the current sentence remains necessary based on the need for the sentence imposed to reflect the seriousness of the offense and provide just punishment, to protect the public from further crimes of defendant, and to afford both specific and general deterrence to criminal conduct. Accordingly, the court denies defendant's motions for compassionate release.

## CONCLUSION

Based on the foregoing, defendant's motions for compassionate release (DE 87, 90) are DENIED.

SO ORDERED, this the 10th day of November, 2020.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge